IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Philadelphia Indemnity Insurance Company**<br>One Bala Plaza, Suite 100<br>Bala Cynwyd PA, 19004<br><br>*Plaintiff*<br><br>and<br><br>**v.**<br><br>**Oldfields School, Inc.**<br>1500 Glencoe Rd,<br>Sparks Glencoe, MD 21152<br><br>Serve on:<br>CSC Lawyers Incorporating Service<br>7 St. Paul Place, Suite 820<br>Baltimore, MD 21202<br><br>*Defendant* | * | **Civil Action No.:** 26-cv-01106 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") brings this suit for Declaratory Judgment against Defendant Oldfields School, Inc., ("Oldfields") and states as follows:

**PARTIES**

1. Philadelphia Indemnity Insurance Company is an insurance company organized and existing in the Commonwealth of Pennsylvania and licensed to do business in the State of Maryland.

2. Oldfields School, Inc., is a private boarding school organized and existing in the State of Maryland.

**JURISDICTION**

3. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction because the amount in controversy exceeds $75,000 and the parties have complete diversity of citizenship.

4. Pursuant to 28 U.S.C. § 2201, the matter in controversy involves a declaration of the rights, duties, and obligations of the parties under insurance policies and other contracts.

**FACTS**

**The Underlying Complaint**

5. On May 20, 2025, Jane Doe filed a complaint ("the Doe Complaint") in the Circuit Court for Baltimore City, Case No. C-03-CV-25-002414, alleging that while she was a student at Oldfields from 2005 through 2009, her teacher, David Ian Sprague, sexually harassed and sexually abused her. (Exhibit 1 – Doe Complaint ¶¶ 16-17).

6. The Doe Complaint alleges that Sprague's harassment and abuse began in the spring of 2005 and continued for the duration of her time as a student at Oldfields. (Exhibit 2, generally, and at ¶¶ 19-27).

7. In the early winter or late spring of 2007, Sprague was fired from Oldfields. (Exhibit 2, ¶ 32).

8. In the summer of 2007, Sprague moved to South Carolina to work at a school there. (Exhibit 2, ¶ 38).

9. Doe graduated from Oldfields in the "summer of 2008." (Exhibit 2, ¶ 41). Specifically, upon information and belief, Doe graduated from Oldfields in July 2008.

**The Policy**

10. Philadelphia issued a commercial general liability insurance policy to Oldfields, Policy No. PHPK334185 ("the Policy"), with effective dates of 8/1/2008 through 8/1/2009. (See Exhibit 2 – Policy).[1]

11. The Policy's Insuring Agreement reads:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
> …
> b. This insurance applies to "bodily injury" and "property damage" only if:
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> **(2) The "bodily injury" or "property damage" occurs during the policy period;**

12. The Policy includes the following endorsement:

> **ABUSE OR MOLESTATION EXCLUSION**
> This endorsement modifies insurance provided under the following:
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**:

[1] The Policy included non-relevant coverages for workers compensation, crime, inland marine, and auto, which have been delated from the Exhibit, leaving only the pertinent liability terms.

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:
    a. Employment;
    b. Investigation;
    c. Supervision;
    d. Reporting to the proper authorities, or failure to so report; or
    e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded above.

13. The Philadelphia Policy also contains a Sexual or Physical Abuse or Molestation Vicarious Liability Coverage Form, which reads:

**SECTION I – COVERAGE**
**SEXUAL OR PHYSICAL ABUSE OR MOLESTATION VICARIOUS LIABILITY**

**1. Insuring Agreement**
a. We will pay those sums that the insured is legally obligated to pay as "damages" because of "bodily injury" to which this insurance applies, if the insured is alleged to be liable for another person's "abusive conduct", by reason of:

(1) the negligent:
(a) employment;
(b) selection;
(c) investigation;
(d) supervision;
(e) reporting to the proper authorities, or failure to so report; or
(f) retention; of any "employee", volunteer or any other person or persons for whom the insured is or ever was legally responsible;

…

b. This insurance applies to "damages" because of "bodily injury" only if:
(1) The "bodily injury" is caused by "abusive conduct" that takes place in the "coverage territory";
**(2) The "bodily injury" occurs during the policy period.**

…

**SECTION V – DEFINITIONS**

2. "Abusive conduct" means each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or two or more people acting together. Each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by, participated in by, directed by, instigated by or knowingly allowed to happen by one or more persons shall be considered to be one "abusive conduct" regardless of:

a. The number of injured parties;

b. The period of time over which the acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct took place; and

c. The number of such acts or encounters.

"Abusive conduct" consisting of or comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place, for all purposes within the scope of this policy, **at the time of the first such act or encounter.**

**COUNT I**

**Declaratory Judgment: Philadelphia is not obligated to defend or indemnify Oldfields for the claims in the underlying Doe Complaint.**

14. Plaintiff specifically incorporates all the above allegations as if set forth fully herein.

15. By virtue of the Abuse and Molestation Exclusion, there is no coverage provided by Coverage A or Coverage B of the Policy.

16. The Sexual or Physical Abuse or Molestation Vicarious Liability coverage applies at "This insurance applies to 'damages' because of 'bodily injury' only if: (1) The 'bodily injury' is caused by 'abusive conduct' that takes place during the policy period."

17. The Policy defines "abusive conduct" as: "each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct performed by one…Each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by…one or more persons **shall be considered to be one "abusive conduct" regardless of**…b. **The period of time over**

**which the acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct took place; and c. The number of such acts or encounters.**"

18. Furthermore, the Philadelphia Policy clarifies that "'Abusive conduct' consisting of or comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct **shall be deemed to take place, for all purposes within the scope of this policy, at the time of the first such act or encounter**."

19. According to the Doe Complaint, the first instance of abuse occurred in 2005. Because Sprague was the only perpetrator of the abuse, Sprague's abuse of Doe constitutes one "abusive conduct" that took place on the unidentified date in 2005 that the first abuse occurred.

20. Sprague was fired from Oldfields in 2007.

21. The applicable Policy period was 8/1/2008 through 8/1/2009.

22. Doe graduated from Oldfields in July 2008, before the inception of the Philadelphia Policy. After July 2008, she no longer attended Oldfields and no longer resided at Oldfields.

23. The Doe Complaint alleges that two instances of abuse occurred in 2008:

a. "during Ms. Doe's senior year at Oldfields…Mr. Sprague flew to Maryland, rented a car, and took Ms. Doe to a parking garage near the school" where he sexually assaulted her. (Exhibit 2, ¶ 40).

b. And: "Mr. Sprague's final abuse occurred in September 2008, while Ms. Doe was a college student…Mr. Sprague flew to visit her unannounced and rented a hotel room" where he had sex with Doe. (Exhibit 2, ¶ 43).

24. The first instance of abuse, as described in paragraph 23(a) above, did not occur during the Policy period because Doe graduated from Oldfields in July 2008, before the inception of the Philadelphia Policy on 8/1/2008.

25. The second instance of abuse, as described in paragraph 23(b) above, did not occur at Oldfields.

26. At the time of the second instance of abuse, as described in paragraph 23(b) Sprague was not employed by Oldfields and was not an a person for whom Oldfields had any vicarious liability.

27. At the time of the second instance of abuse, as described in paragraph 23(b) Doe was not a student at Oldfields and was not an a person to whom Oldfields had any duty.

28. There is no coverage for the Doe Complaint under the Philadelphia Policy because:

a. Sprague's "abusive conduct" is deemed to have taken place in 2005 as defined by the Policy;

b. There was no abusive conduct that occurred during the policy period; and

c. There was no abusive conduct that took place while Oldfields had any vicarious liability for Sprague or owed any duty to Doe.

WHEREFORE, Plaintiff Philadelphia Indemnity Insurance Company requests this Honorable Court to enter judgment in its favor and against Defendant Oldfields School, Inc. and declare that Philadelphia has no obligation to defend or indemnify Oldfields for the claims made in the underlying Doe Complaint.

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG & KINTIGH, P.A.
Executive Plaza 3, Suite 400
11350 McCormick Road
Hunt Valley, Maryland 21031
Phone: 410-584-2800
mward@downs-ward.com
***Attorneys for Plaintiff Philadelphia Indemnity Insurance Company***